**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LYNNE A. RUST,                          )   NO. EDCV 12-01470 SS
                                        )
                 Plaintiff,             )
                                        )
        v.                              )   **MEMORANDUM DECISION AND ORDER**
                                        )
CAROLYN W. COLVIN,                      )
Commissioner of the Social             )
Security Administration,                )
                                        )
                 Defendant.             )
_____)

**I.**

**INTRODUCTION**

On August 30, 2012, Lynne A. Rust ("Plaintiff"), then represented by counsel, filed this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("Defendant") denying her application for Supplemental Security Income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge.

On April 4, 2013, Plaintiff's counsel filed a "Motion to Withdraw As Attorney of Record." (Dkt. No. 16). In the Motion to Withdraw, Plaintiff's counsel stated that "[t]he attorney client relationship has deteriorated and counsel cannot proceed [as] the attorney for [Plaintiff]." (Id. at 2). Specifically, counsel stated, "given my education, experience, and training in handling Social Security matters, I cannot properly represent the interests of [Plaintiff]." (Id. at 5). Counsel also stated that he "wrote to [Plaintiff] informing her that after review of the administrative record [he] could not pursue this matter on her behalf" and requested Plaintiff's permission to dismiss the action, which Plaintiff did not provide. (Id.). Further, in the Motion, counsel requested that Plaintiff be given an extension of time to retain counsel and prepare her memorandum in support of her complaint. (Id. at 2).

On May 16, 2013, the Court issued a briefing schedule stating that "[a]ny Opposition to the Motion to Withdraw is due no later than May 30, 2013." (Dkt. No. 17). The Court also ordered "Counsel for Plaintiff . . . to promptly serve a copy of this [briefing] Order and the Motion to Withdraw on Plaintiff at Plaintiff's last known address and file proof of service with this Court." (Id.). On May 21, 2013, Plaintiff's counsel filed proof of service stating that the Court's May 16 Order and the Motion to Withdraw as Attorney of Record were mailed to Plaintiff's address of record. (Dkt. No. 18 at 2). Plaintiff did not file any Opposition to the Motion to Withdraw.

On June 4, 2013, the Court issued an Order granting the Motion to Withdraw. (Dkt. No. 20). The Court also ordered counsel to serve a

1  copy of the Order on Plaintiff at her last known address to file a copy
2  of the proof of service with the Court within seven days of the Order.
3  (Id.).  Counsel for Plaintiff filed a proof of service on June 6, 2013.
4  (Dkt. No. 20).

6      In the Order granting the Motion to Withdraw, the Court provided
7  fourteen days for Plaintiff to obtain counsel and file a Notice of
8  Substitution.  (Id.)  The Court also expressly warned Plaintiff that
9  "failure to file a Notice of Substitution will be deemed a violation of
10 Court orders.  The Court will find that such a violation results in a
11 failure to prosecute and will DISMISS this action with prejudice,
12 pursuant to Federal Rule of Civil Procedure 41."  (Dkt. No. 19 at 2).
13 The Court also advised Plaintiff that such a dismissal would bar the
14 action from proceeding.  (Id.).

16     As of today, Plaintiff has failed to file a Notice of Substitution
17 or any other response to the Court's June 4, 2013 Order.  Further action
18 cannot be taken in this matter without Plaintiff's participation.
19 Therefore, the Court finds that dismissal of this action with prejudice
20 is appropriate for failure to prosecute and failure to comply with Court
21 orders, pursuant to Federal Rule of Civil Procedure 41(b).

## II.
### DISCUSSION

26     Federal Rule of Civil Procedure 41(b) grants district courts the
27 authority to sua sponte dismiss actions for failure to prosecute or to
28 comply with court orders.  See Link v. Wabash R.R., 370 U.S. 626,

3

629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a harsh penalty and is to be imposed only in extreme circumstances. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); see also Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (applying the factors in reviewing the dismissal of a social security case).

## A.   The Five Factors Supporting Dismissal

### 1.   Expeditious Resolution And The Court's Need To Manage Its Docket

In the instant action, the first two factors -- public interest in expeditious resolution of litigation and the need to manage the Court's docket -- weigh in favor of dismissal. Plaintiff was required to file a Notice of Substitution by June 18, 2013. (Dkt. No. 19 at 2). The Court expressly advised Plaintiff that "failure to file a Notice of Substitution will be deemed a violation of Court orders. The Court will find that such a violation results in a failure to prosecute and will

4

DISMISS this action with prejudice, pursuant to Federal Rule of Civil Procedure 41." (Id. at 2).

As of today, however, Plaintiff has failed to file a Notice of Substitution or any response to the Court's June 4, 2013 Order. Additionally, there is no evidence before the Court that Plaintiff did not receive the Court's Order. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently.

**2.   The Risk Of Prejudice To Defendant**

The third factor -- prejudice to Defendant -- also counsels in favor of dismissal. The prejudice to a defendant simply from the pendency of a lawsuit is insufficient, on its own, to warrant dismissal. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984). The risk of prejudice, however, is related to the plaintiff's reason for defaulting. Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999)).

Here, Plaintiff has not offered any excuse for her failure to respond to the Court's orders. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at 991-92. Because Plaintiff has not offered any excuse for failing to respond to the Court's orders, the "prejudice" element favors dismissal.

\\

1       **3.   Less Drastic Alternatives**

2

3      The fourth factor -- the availability of less drastic sanctions --

4 ordinarily counsels against dismissal.   The Court has, however,

5 attempted to avoid outright dismissal by explicitly warning Plaintiff of

6 her obligation to file a Notice of Substitution.  ( <u>See</u> Dkt. No. 19 at

7 2).  As discussed above, the Court expressly advised Plaintiff that

8 failure to file a Notice of Substitution would result in dismissal

9 pursuant to Federal Rule of Civil Procedure 41.   The Court has,

10 therefore, explored meaningful alternatives to dismissal.   <u>See</u>

11 <u>Henderson</u>, 779 F.2d at 1424 ("The district court need not exhaust every

12 sanction short of dismissal before finally dismissing a case, but must

13 explore possible and meaningful alternatives.").

14

15      In addition, her own attorney's declaration demonstrates that

16 Plaintiff has lost interest in this litigation.  In the declaration, her

17 attorney states that Plaintiff told him in their last phone conversation

18 that she would "get back to him," but she failed to do so.  He left

19 messages for her on March 21 and March 28, but she did not return his

20 calls.  (Dkt. 16 at 5, ¶ 4).  Because Plaintiff has lost interest in

21 this case, sanctions other than dismissal do not appear to be

22 appropriate.

23

24       **4.   Public Policy Favoring Disposition On The Merits**

25

26      The fifth factor -- public policy favoring disposition of cases on

27 their merits -- ordinarily weighs against dismissal.  However, it is the

28 responsibility of the moving party to move toward disposition at a

reasonable pace and to refrain from dilatory and evasive tactics.  <u>See</u> <u>Morris v. Morgan Stanley & Co.</u>, 942 F.2d 648, 652 (9th Cir. 1991). Here, Plaintiff has not discharged this responsibility despite having ample time.   Under these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to respond to Court orders in the given time frame.

**B.     <u>Dismissal Of This Action Is Warranted</u>**

In view of the foregoing, the Court concludes that dismissal of this action is warranted under Rule 41(b), which states in pertinent part:

> [A] dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

The Court dismisses this action on the basis of Plaintiff's failure to prosecute and obey Court orders.   Because this case does not fall into one of the three exceptions noted above, the dismissal will operate as an adjudication on the merits.   The dismissal will thus be with prejudice to Plaintiff's refiling of a new action in federal court based on the same allegations.   <u>See</u> <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); <u>Owens v. Kaiser Found.</u>

7

Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal for failure to prosecute is treated as an adjudication on the merits) (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884 (9th Cir. 1997)).

**III.**

**CONCLUSION**

Plaintiff was advised in the Court's June 4, 2013 Order about the possibility of dismissal of this action in the event of a failure to file a Notice of Substitution.  However, she has failed to comply with the Court's orders and has failed to participate in her own litigation.

Consistent with the foregoing, IT IS ORDERED that Judgment be entered DISMISSING this action with prejudice.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on Plaintiff at her current address of record, as indicated in counsel's declaration, and on counsel for Defendant.

DATED: August 5, 2013

                                        /S/
                              SUZANNE H. SEGAL
                              UNITED STATES MAGISTRATE JUDGE

8